J-S02045-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN QUARLES | : | |
| | : | |
| Appellant | : | No. 930 EDA 2025 |

Appeal from the Judgment of Sentence Entered November 22, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006038-2023

BEFORE: NICHOLS, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MARCH 12, 2026**

Appellant, Shawn Quarles, appeals from the judgment of sentence of three to six years' incarceration imposed after conviction of possession of firearms prohibited (18 Pa.C.S. § 6105). We affirm.

The trial court summarized the relevant facts of this matter as follows:

On June 30, 2023 at 8:36 a.m., Philadelphia Police Officer Thomas Ditro, was on patrol in the 24th District in the city and county of Philadelphia. N.T. 4/12/24 at 6. Officer Ditro was driving northbound on 3100 Potter Street when he observed a Hyundai Sonata parked on the sidewalk with no tags attached. *Id*. at 7. Officer Ditro parked his police car and radioed for backup. *Id*. He exited the car and walked towards the Hyundai to conduct a vehicle stop. *Id*.

As he approached the vehicle, he observed that the windows were down and the car was running. *Id*. Appellant was in the driver's seat asleep. *Id*. When Officer Ditro was next to the car, he attempted to wake Appellant up and observed a firearm handle sticking out under appellant's thigh. *Id*. Appellant became irate and began moving frantically. *Id*. Officer Ditro tried to grab the firearm, but it slid to the floorboard of the car. *Id*. at 8. He gave

Appellant commands to stop moving, which Appellant did not follow. *Id*. at 7. Appellant then tried to drive away, but there was a pole in his way. *Id*. at 8. Appellant exited the car and fled on foot. *Id*. Officer Ditro eventually detained Appellant. *Id*. Officer Ditro returned to the Hyundai and again observed the firearm on the floorboard of the car. *Id*. The firearm was secured and Appellant was subsequently charged with Violation of the Uniform Firearms Act, Unauthorized [U]se of an Automobile, and Evading Arrest or Detention on Foot.

Trial Court Opinion (TCO), 6/13/25, at 1-3.

The trial court denied Appellant's motion to suppress the firearm and Appellant thereafter opted for a bench trial. The trial court found him guilty of illegally carrying a firearm and imposed sentence as previously stated.[1] Appellant's post-trial motions for a new trial and reconsideration of sentence were denied by operation of law on April 2, 2025. This timely appeal followed.

On April 9, 2025, the trial court issued an order under Pa.R.A.P. 1925(b) stating:

> [T]he defendant is hereby directed to provide this Court with a Statement of Matters Complained of on Appeal [Rule 1925(b) Statement] within twenty-one (21) days of the date of this Order. A failure to comply with such direction may be considered by the Appellate Court as a waiver of all objections to the Order, ruling, or any other matter.

Rule 1925(b) Order, 4/9/25.

Appellant timely filed his Rule 1925(b) Statement on April 30, 2025, raising issues pertaining to the trial court's denial of his motion to suppress the firearm.

---

[1] Appellant was also found guilty for unauthorized use of a motor vehicle (18 Pa.C.S. § 3928) and evading arrest or detention on foot (18 Pa.C.S. § 5104.2). The trial court imposed no further penalty at those counts.

Appellant's sole issue on appeal addresses the sufficiency of the evidence supporting the conviction of evading arrest or detention on foot. *See* Appellant's Brief at 2 ("Was not [Appellant] erroneously convicted of … evading arrest or detention on foot, as the evidence was insufficient to establish that he had the requisite *mens rea* ….?").

Appellant did not specify this issue in his Rule 1925(b) Statement, and the trial court did not address this argument in the TCO. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.")  We therefore deem Appellant's sole issue waived. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("[A]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925.  Any issues not raised in a 1925(b) statement will be deemed waived.").[2]

---

[2] Appellant acknowledges this issue has been waived but requests a remand "to the trial court for the issuance of a supplemental 1925 Statement on the question presented."  Appellant's Brief at 2 n.1.  Appellant generically cites Rules of Appellate Procedure 123 and 1925(c) in support.

We decline the request.  Rule 1925(c) contains four separate remand provisions, and Appellant fails to explain which provision authorizes his request.  We conclude that none applies.  Paragraph one authorizes a remand "for a determination as to whether a Statement had been filed and/or served or timely filed and/or served[.]" Pa.R.A.P. 1925(c)(1).  Paragraph two applies only to civil cases.  *Id.* (c)(2).  Paragraph three authorizes a remand only where counsel "failed to" file and serve a concise statement, "or untimely filed or served" the statement.  Pa.R.A.P. 1925(c)(3).  Finally, paragraph four
*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/12/2026

---

applies only in cases where counsel intends to seek withdrawal. Therefore, Rule 1925(c) does not permit a remand.

Appellant's request under Rule 123 likewise fails. "Unless another form is elsewhere prescribed by these rules, an application for an order or other relief shall be made by filing a written application for such order or relief with proof of service on all other parties." Pa.R.A.P. 123(a). In addition to the fact Appellant did not separately file a written application, Rule 1925(c) specifically governs this request.